## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICOLE BRISCOE                :
5317 Laurens Street            :
Philadelphia, PA 19144       :       CIVIL ACTION
                                :
         Plaintiff,           :       No. _____
                                :
      v.                     :
                                :
SOUTHEASTERN PENNSYLVANIA    :       **JURY TRIAL DEMANDED**
TRANSPORTATION AUTHORITY      :
Office of General Counsel        :
1234 Market Street             :
5th Floor                        :
Philadelphia, PA 19107       :
                                :
         Defendant.         :
                                :

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Nicole Briscoe (hereinafter referred to as "Plaintiff," unless indicated otherwise) against the Southeastern Pennsylvania Transportation Authority (hereinafter referred to as "Defendant"or "SEPTA" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" -42 U.S.C. §§ 12101 *et seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et seq.*) and Pennsylvania common law.As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and

seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.  This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.  Plaintiff is an adult individual, with an address as set forth in the caption.

7.  At all relevant times herein, Plaintiff was employed with Defendant.

8.  Defendant is a metropolitan transportation authority that operates various forms of public transit — bus, subway and elevated rail, commuter rail, light rail and electric trolleybus — in and around Philadelphia, Pennsylvania.

9.  At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

10.     Defendant is an employer for purposes of the FMLA andADA and has and continues to employ over 50 employees per year for the last five years and engages in interstate commerce, specifically the transportation business.

11.     Plaintiff has administratively exhausted her ADA claims as she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and brings the instant suit within ninety (90) days of receiving a right to sue letter from the EEOC.

## FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth infull.

13.     Plaintiff has and continues to suffer from disabilities including but not limited to carpal tunnel syndrome as well as knee and back issues.

14.     Plaintiff's aforementioned disabilities, at times, severely limit her enjoyment of daily life activities including but not limited to exercising, walking, climbing, working, grasping, lifting, and other life activities.[1]

15.     Plaintiff worked for Defendant for approximately 13 years before her eventual termination in or about January of 2014.

16.     During all times relevant to this lawsuit, Plaintiff worked for Defendant as a cashier.

17.     In or about February of 2013, Plaintiff began to suffer from back-related health issues as a result of falling in her bathroom.

_____

[1] While such life activities may be impacted, this paragraph should not be construed to mean Plaintiff is impacted on an every-day basis in this manner.  Nor should this paragraph be construed as an exhaustive list of the ways in which Plaintiff is impacted (but rather, provides some examples) by her disabilities.

18.     In order to care for and treat for her back-related health conditions (as discussed *supra*), Plaintiff took approximately two months off from work  (an FMLA-qualifying leave).

19.     After returning from her aforementioned two-month medical leave, Plaintiff continued to take intermittent time off from work for her aforesaid back condition.

20.     In or about September of 2013, Plaintiff suffered a work-related injury while working for Defendant.

21.     More specifically, a cockroach crawled on Plaintiff, which startled her and caused Plaintiff to injure her knee.

22.     Plaintiff filed a workers' compensation claim in connection with her aforementioned work-related knee injury.

23.     Following Plaintiff's aforementioned work-related knee injury, Plaintiff could still perform her job well for Defendant; however, she would require an occasional reasonable accommodation in the form of intermittent time off from work.

24.     In or about November of 2013, Plaintiff filed a separate workers compensation claim, as she was suffering from on-going work related injury (i.e. carpal tunnel syndrome).

25.     In or about November of 2013, Plaintiff took a brief (approximately 7 days) block medical leave for her carpal tunnel syndrome.

26.     Between November of 2013 and her termination in January of 2014 (as discussed *supra*), Plaintiff continued to take intermittent (albeit very minimal) time off from work to care for and treat for her aforementioned health conditions.

27.     In November of 2013, Plaintiff also requested that she be moved to a convalescent booth to better accommodate her disabilities so that she was not consistently using her right hand.

4

28.     Defendants' management initially refused to grant Plaintiff's aforementioned request and required her to remain out of work without pay.

29.     Eventually, Plaintiff's request to be transferred to a different booth was granted, but not before Plaintiff suffered damages as a result of Defendant's initial denial of her reasonable accommodation request.

30.     Although Plaintiff occasionally took days off from work due to her aforesaid health conditions during the last approximate year of her employment, Defendant's management was not forthcoming with applying any specific leave policy despite requests from Plaintiff.

31.     For example, during the last approximate year of her employment (while taking time off for her aforementioned health conditions), Plaintiff was not properly advised of her FMLA rights, was often not advised if her qualifying absences were approved or denied under the FMLA, had FMLA-qualifying absences counted against her, and was never advised of how much FMLA-qualifying leave she had remaining despite her requests for the same.

32.     In or about early summer of 2013, Defendant's management issued Plaintiff written discipline for absences even though the vast majority of Plaintiff's absences were related to her own serious health conditions/disabilities.

33.     In or about January of 2014, Plaintiff testified in a workers' compensation proceeding related to her aforementioned workers' compensation claims.

34.     During Plaintiff's workers' compensation proceeding, Plaintiff produced a video showing cockroaches on Defendant's bathroom floor as evidence supporting her workers' compensation claim.

35.     Approximately one (1) day after participating in the aforementioned workers' compensation hearing, Defendant's management informed Plaintiff that her employment with Defendant was being terminated.

36.     Plaintiff asked Defendant's management why she was being terminated. In response, Defendant's management simply told Plaintiff to talk to her union without providing any further explanation.

37.     Plaintiff called her union representative to inquire as to the reason for her termination, but Plaintiff was told that Defendant had not provided the union with a reason for her termination.

38.     Plaintiff was terminated one (1) day after participating in a workers' compensation hearing without any prior warning or reasonable explanation.

39.     Plaintiff had experienced continuing hostility towards her disabilities and her needs for leave throughout the approximate one (1) year period prior to her termination, as she was not properly informed of her FMLA or ADA rights, refused accommodations, and given pretextual discipline for her protected absences.

40.     Plaintiff believes and therefore avers that she was terminated because of her disabilities, her workers' compensation claim, and/or her requests for reasonable accommodations.

## COUNT I
### Violations of the Americans with Disabilities Act ("ADA", as amended)
**([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation; [4] Hostile Work Environment)**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Plaintiff properly exhausted her administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

43.     Plaintiff experienced hostility towards her requests for time off from work due to her disabilities and was denied basic information regarding her medical leaves.

44.     Plaintiff was issued discipline based on absences although the majority of her absences were related to her disabilities - suggesting both a discriminatory animus towards her disabilities and a failure to provide a reasonable accommodation in the form of time off from work.

45.     Plaintiff believes and therefore avers that she was terminated due to her [1] actual disabilities and/or perceived disabilities; [2] her record of impairment; and/or [3] requests for reasonable accommodations.

46.     Plaintiff was also subjected to a hostile work environment during her period of employment due to her disabilities and/or requests for accommodations through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

47.     Defendants failed to accommodate Plaintiff's disabilities by [1] failing to initially transfer her to a booth wherein she did not have to consistently use her right hand; and [2] disciplining her and/or eventually terminating her for taking time off to care for and treat for her aforementioned health conditions.

48.     These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA.

**COUNT II**
**Violation of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

51.     Plaintiff requested both block and intermittent leave from Defendant, her employer, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(A)(i).

52.     Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

53.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

54.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) and for a total of twelve (12) work weeks of leave due to her own serious health conditions.

55.     Plaintiff was discouraged from taking FMLA leave and experienced hostility from management as a result of taking FMLA leave by not properly informing Plaintiff of her rights under the FMLA and by issuing Plaintiff discipline for absences that should have been qualified as FMLA days.

56.     Defendant committed interference and retaliation violations of the FMLA by discouraging Plaintiff from taking FMLA-qualifying leave and by terminating Plaintiff: (1) for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by

8

considering Plaintiff's FMLA leave needs; (3) to dissuade Plaintiff and/or other employees from utilizing FMLA leave; and (4) to prevent her from taking further FMLA-qualifying leave in the future.

57.     These actions as aforesaid constitute unlawful interference and retaliation under the Family and Medical Leave Act.

## COUNT III
### Violation of the Pennsylvania Common Law
### (Public Policy Violation - Workers' Compensation Retaliation)

58.     The averments of the foregoing paragraphs are hereby incorporated by referencesas if set forth fully herein.

59.     It is against this Commonwealth's public policy for an employee to be terminated in retaliation for filing or attempting to file a workers' compensation claim.

60.     Plaintiff was terminated approximately one(1) day after participating in a hearing in connection with her workers' compensation claim.

61.     Due to the exceedingly close time between when Plaintiff participated in her workers' compensation hearing and when she was terminated, Plaintiff believes that she was terminated in retaliation for filing and attempting to prove said claim.

62.     These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997).

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.      Plaintiff is to be awarded punitiveand/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 22, 2015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |
|---|---|
| Nicole Briscoe | **CIVIL ACTION** |
| v. | |
| Southeastern Pennsylvania Transportation Authority | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


| 6/22/2015 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5317 Laurens Street, Philadelphia, PA 19144

Address of Defendant: 1234 Market Street, 5th Floor, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendant's place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, Ari R. Karpf, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/22/2015      _____      ARK2484
Attorney-at-Law      Attorney I.D.# 91538
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/22/2015      _____      ARK2484
Attorney-at-Law      Attorney I.D.# 91538

CIV. 609 (5/2012)

*⋅JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

BRISCOE, NICOLE

(b) County of Residence of First Listed Plaintiff   Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

County of Residence of First Listed Defendant   Philadelphia

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from another district (specify)
☐ 6  Multidistrict Litigation
☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" (42USC12101), Family & Medical Leave Act "FMLA" (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and Pennsylvania Common Law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

6/22/2015
DATE

SIGNATURE OF ATTORNEY OF RECORD

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |